# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**LORI SMITH PORTERFIELD**                                                                        **PLAINTIFF**

                                                                                 NO. 1:18CV0059-JMV

**NANCY BERRYHILL**
*ACTING COMMISSIONER OF SOCIAL SECURITY*                  **DEFENDANT**

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying claims for a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held March 8, 2019, the court finds the ALJ's residual functional capacity ("RFC") assessment is not supported by substantial evidence in the record. Specifically, the ALJ's "light work" RFC determination is not based upon a function-by-function assessment of physical RFC. The ALJ essentially refused to consider the functional capacity findings of a physical therapist, which indicated the claimant assessed within the sedentary "physical demand category," despite the fact those findings were made during a very extensive and comprehensive functional capacity examination ("FCE") and were memorialized in a detailed report.

Indeed, the claimant's treating physician had relied upon the FCE report "to take . . . [the claimant] off work permanently." The ALJ's conclusion that the claimant had experienced "medical improvement" after her surgeries does not take into account her level of improvement function-by-function.

On remand, the ALJ will *either* order a consultative examination of the claimant and provide the physician with all the relevant medical evidence in the file *or* obtain a medical source statement from Dr. Glenn Crosby, the claimant's treating physician. In either case, the ALJ must obtain from the physician a function-by-function assessment of the claimant's ability to perform physical work activity. The ALJ must consider the new evidence along with all the evidence in the record to make a new physical RFC determination.[1] If necessary, the ALJ must also obtain supplemental vocational expert evidence. Ultimately, the ALJ will render a new decision on the issue of whether there is any work the claimant can perform, considering all her limitations along with relevant vocational factors.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED in part and REMANDED for further proceedings.**

This, the 11th day of March, 2019.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE

---

[1] The ALJ's mental RFC determination is not disturbed by this decision.